**SWAROVSKI AMERICA LIMITED,
Plaintiff,**

v.

**SILVER DEER LIMITED, Spectrum, and
Crystal Zoo, Defendants.**

**Civ. A. No. 82–K–30.**

United States District Court,
D. Colorado.

May 3, 1982.

Thomas D. Nurmi, Peter B. Babin, Arnold & Porter, Denver, Colo., Werner Kronstein, Hamish R. Sandison, Arnold & Porter, Washington, D. C., for plaintiff.

Ralph F. Crandell, Crandell & Polumbus, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action for copyright infringement pursuant to § 501 of the Copyright Act, 17 U.S.C. § 501(a), and for unfair competition pursuant to § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a).[1] The plaintiff alleges that the defendants infringed the plaintiff's copyright in certain crystal figurines by authorizing their manufacture and by distributing them to the public. The plaintiff further claims that the defendants have engaged in unfair competition by preparing advertisements which were intended to mislead and deceive the public into believing that the defendants' infringing figurines are of the same origin of the plaintiff's copyrighted figurines, and provide the false impression that the defendants are authorized to distribute the plaintiff's goods. This court has subject-matter jurisdiction over these claims pursuant to 28 U.S.C. § 1338(a), 15 U.S.C. § 1121 and 28 U.S.C. § 1331(a).

This case is now before me on the defendants' motion to dismiss and or add indispensable parties pursuant to rules 12(b)(6), 12(b)(7) and 19(a), F.R.Civ.P. The defendants advance three arguments in support of their motion: First, they assert that the complaint should be dismissed, pursuant to rule 12(b)(6), for failure to allege the proper recordation of an instrument of transfer under § 205(d) of the Copyright Act, 17 U.S.C. § 205(d). Second, they assert that the complaint should be dismissed, pursuant to rule 12(b)(6), because the plaintiff is not the owner of an exclusive right under § 501(b) of the Copyright Act, 17 U.S.C. § 501(b), and therefore lacks standing to sue. Third, they assert that the complaint should be dismissed, pursuant to rule 12(b)(7), on the ground that the plaintiff has failed to join the author of the figurines and the transferor of the copyright who are allegedly indispensable parties. Alternatively, the defendants suggest that the plaintiff should be required to record the proper instrument of transfer, amend its complaint accordingly, and join indispensable parties pursuant to rule 19(a). For the reasons expressed in this opinion, the defendants' motion is denied in its entirety.

## I. RECORDATION OF THE INSTRUMENT OF TRANSFER

█ Section 205(d) of the Copyright Act, 17 U.S.C. § 205(d), provides that:

No person claiming by virtue of a transfer to be the owner of copyright or of any exclusive right under a copyright is entitled to institute an action under this title until the instrument of transfer under which such person claims has been recorded in the Copyright Office, but suit may be instituted after such recordation on a cause of action that arose before recordation.

I have held previously that compliance with § 205(d)'s recordation requirement is a jurisdictional prerequisite to the institution of a lawsuit based on infringement. *Ruskin v. Sunrise Management, Inc.*, 506 F.Supp. 1284, 1288 (D.Colo.1981). The instant controversy centers on whether this recordation requirement imposes an obligation to record each instrument of transfer in the chain of title between the author and the plaintiff. I hold that it does not.

The plaintiff claims that it obtained its copyright through a license agreement with Swarovski Silver Crystal A. G. of Switzerland (hereinafter "Silver Crystal"). Silver Crystal obtained international copyrights from the author of the crystal figurines, D. Swarovski & Co. of Austria (hereinafter "D. Swarovski"). The plaintiff further claims that it recorded the license agreement with Silver Crystal, as the necessary instrument

---

1. The language of § 43(a) of the Lanham Trademark Act, 15 U.S.C. § 1125(a), specifically prohibits false designations of origin and false descriptions. Courts have characterized this section as a "statutory tort," *see L'Aiglon Apparel, Inc., v. Lana Lobell, Inc.*, 214 F.2d 649, 651 (3d Cir. 1954), through which congress intended to fashion a new federal remedy against a particular type of unfair competition that the common law had previously protected. *Accord Federal Mogul Bower Bearings, Inc. v. Azoff*, 313 F.2d 405, 409 (6th Cir. 1963). Accordingly, I will refer to the plaintiff's Lanham Act claim as the unfair competition claim.

of transfer, prior to the institution of this action.[2]

The defendants argue that the plaintiff should have recorded an instrument of transfer either between the author and the plaintiff or between the author and the transferor, Silver Crystal. The defendants claim that the "instrument of transfer" required to be recorded under 17 U.S.C. § 205(d) is the entire chain of title under which a plaintiff claims and not merely the last instrument of transfer. I disagree.

First, the defendants do not cite any authority, nor am I aware of any for such a proposition. Second, the clear language of the statute refers to "instrument of transfer" in the singular and does not speak to any obligation to record more than one such instrument. Third, the only authority I am aware of on this point supports a contrary interpretation to that which the defendants suggest.

Professor Melville B. Nimmer, in his treatise on the law of copyright, argues that a party who claims title to a copyright through one or more intermediate transferees in a chain of title that originated with the author, need only record the immediate transfer to him in order to comply with the recordation provision in 17 U.S.C. § 205(d). 3 *Nimmer on Copyright*, § 12.02, P. 12–59, 12–60 (1981). He stated

> Suppose the plaintiff did not obtain a transfer of rights directly from the author, but rather claims under a chain of title which originated with the author who transferred the rights to X, who in turn transferred to Y, who then transferred to the present plaintiff. Clearly the plaintiff must record "the instrument of

transfer" from Y to himself. Must he also record the instruments of transfer from the author to X, and from X to Y? Unless he does so, his chain of title will not be adequately reflected in the record. The statutory requirement, however, is in the singular: there must be recordation of "the instrument of transfer" under which the plaintiff makes his claim. This suggests that the plaintiff need record only the immediate transfer to him. Moreover, it might not be possible for him to record earlier transfers in his chain of title. He may not have possession of a copy of such an earlier transfer bearing the transferor's "actual signature," or of a certified copy thereof, as is necessary in order to obtain recordation. Furthermore, if the original transfer from the author, or any subsequent transfers were made at a time when the work was still protected by common law copyright, there may in fact be no instruments of transfer to record. This for the reason that transfers of common law copyright could be made orally or be implied from conduct. It appears, then, that the plaintiff need only record the immediate transfer under which he obtained the rights to be sued upon. (Footnotes omitted).

*Id.*

I find Nimmer's reasoning and analysis persuasive. Accordingly, I hold that plaintiffs need only record the instrument of transfer under which they claim in order to satisfy the recordation requirement prerequisite to the institution of an infringement action. The defendants' motion on this first point is therefore denied.[3]

---

**2.** There has been some confusion in this action because the plaintiff incorrectly stated in its certificate of copyright registration that it acquired copyright ownership through a license agreement with the author. The plaintiff admits that such a statement is inaccurate since the plaintiff obtained its copyright through the transferee of the author, Silver Crystal, and not the author, D. Swarovski. While registration of a copyright is also a jurisdictional prerequisite to the maintenance of a copyright infringement action, *see* 17 U.S.C. § 411(a); *Burns v. Rockwood Distributing Co.*, 481 F.Supp. 841,

845 (N.D.Ill.1979), I find that the plaintiff's misstatement is not fatal. *See* 2 *Nimmer on Copyright*, § 7.20 and cases cited therein at 7–147– 7–149. The plaintiff shall promptly correct its registration under the procedures established pursuant to 17 U.S.C. § 408(d).

**3.** The defendants' other arguments regarding the insufficiency of recordation are inapposite. The defendants claim that such recordation is insufficient because the plaintiff's certificate of registration does not refer to the transfer from Silver Crystal to the plaintiff. This argument is not directed to the adequacy of the plaintiff's

## II. STANDING UNDER § 501(b) OF THE COPYRIGHT ACT

Section 501(b) of the Copyright Act, 17 U.S.C. § 501(b) provides that:

> The legal or beneficial owner of an exclusive right under copyright is entitled, subject to the requirements of section 205(d) [recordation] and 411 [registration], to institute an action for any infringement of that particular right while he or she is the owner of it.

The defendants claim that the plaintiff lacks an exclusive right under the copyright because the license agreement between the plaintiff and Silver Crystal grants the licensor the right to sell the licensed product in the licensed area.

■ I note at the outset that this is an action for infringement of both the plaintiff's right to manufacture and the plaintiff's right to distribute or sell, the copyrighted figurines. These rights are extended to copyright owners pursuant to 17 U.S.C. § 106(1) and § 106(3) respectively. Since the plaintiff has not granted the right of manufacture to any other party, there is no question that it has an exclusive right to manufacture the copyrighted materials and thus, standing to sue for infringement of the right of manufacture.

The situation regarding the plaintiff's right to distribute or sell the copyrighted materials is more complex. The amended license agreement, attached and incorporated into the plaintiff's complaint, provides that:

> The Licensor, [Silver Crystal], hereby grants to the Licensee, [the plaintiff], subject to the terms and conditions of this Agreement, the exclusive nontransferable copyright in the Licensed Products for the Licensed Area, including the right to register the copyright in the United States Copyright Office. The Licensor agrees that, during the term of this Agreement, it will not grant to any other party any copyright in the Licensed Products for the Licensed Area, provided, however, that the Licensor reserves for itself and any other direct or indirect subsidiary of the Licensor the right to sell the Licensed Product in the Licensed Area.

■ It is unclear whether this agreement truly grants the plaintiff an exclusive right to sell. The agreement states that the plaintiff shall have an "exclusive non-transferable copyright" but it also conditions the plaintiff's rights on Silver Crystal's right to sell the licensed product in the licensed area. The plaintiff contends that this agreement merely provides Silver Crystal a non-exclusive license to sell while the plaintiff retains an exclusive license. The licensor of non-exclusive rights retains standing to sue while the non-exclusive licensee has none. *See generally* 3 *Nimmer on Copyright* at § 12.02.

■ However, I need not determine the proper interpretation of the license agreement on this motion. On a motion to dismiss pursuant to rule 12(b)(6), dismissal is improper unless it appears to a certainty that no relief can be granted under any set of facts that can be proven in support of the complaint's allegations. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Jones v. Metropolitan Denver Sewage Disposal District No. 1*, 537 F.Supp. 966, 969 (D.Colo.1982). Since the plaintiff may be able to prove its suggested interpretation of the license agreement, dismissal of its copy-

recordation but to its registration. There is no explicit requirement that a copyright registration identify the person from whom the copyright claimant obtained ownership. *see* 17 U.S.C. § 409. However, I have already ordered the plaintiff to correct its certificate of registration pursuant to 17 U.S.C. § 408(d). The plaintiff may also include such additional information regarding its chain of title in the corrected certificate. The defendants also claim the recordation of the license agreement is insufficient

because it does not specifically identify the work to which it pertains pursuant to 17 U.S.C. § 205(c). However, § 205(d), not § 205(c), specifies the recordation requirement prerequisite to the institution of an infringement action. Section 205(c)'s identification requirement merely pertains to whether a particular document recorded in the copyright office may be deemed to provide all persons with constructive notice of the facts in the document.

right infringement claim at this time is inappropriate.

## III. INDISPENSABLE PARTIES

The defendants assert that the author, D. Swarovski, and the transferor, Silver Crystal, are indispensable parties in this action pursuant to rule 19(a), F.R.Civ.P. and they request that either I join these parties or dismiss this action for failure to join them pursuant to rule 12(b)(7), F.R.Civ.P. Because the considerations pertaining to joinder in infringement actions under the Copyright Act are different from those applicable in unfair competition actions under the Lanham Trademark Act, I will discuss them separately.

### A. *Copyright Infringement Claim*

■ The rules governing joinder in copyright infringement actions are contained in § 501(b) of the act, 17 U.S.C. § 501(b), which is intended to "supplement" the Federal Rules of Civil Procedure. *See* H.R. Rep.No.94–1476, 94th Cong., 2d Sess. 159 (1976), U.S.Code Cong. & Admin.News 1976, 5659. Section 501(b) provides in pertinent part, that:

The court *may* require the joinder, and shall permit the intervention, of any person having or claiming an interest in the Copyright. (Emphasis added.)

Thus, while the court must permit the intervention of "any person having or claiming an interest in the copyright," joinder is discretionary. *See* H.R.Rep.No.94–176 at 159, U.S.Code Cong. & Admin.News 1976, pp. 5659, 5775.

The statute contains no guidelines for the exercise of the court's discretion to compel joinder. The legislative history mentions discretionary joinder in cases involving divisibility of ownership in the same version of a work and in cases where the person to be joined owns rights in works upon which a derivative work is based. *See id.* Beyond that, the legislative history offers no guidance and I am unaware of any case law filling this interpretive void.

Professor Nimmer suggests that joinder should be required in cases challenging the validity of the copyright upon which the rights of the person to be joined, as well as those of the plaintiff rest, and that joinder should not be required if the only issue is whether the defendant engaged in unlawful copying. 3 *Nimmer on Copyright* at § 12.-03. The instant case is far closer to the latter situation since the validity of the copyright is not in issue and the defendant is charged with unlawfully copying the plaintiff's copyright.

Further, since the Copyright Act's joinder provision was intended to supplement the federal rules, I will assume that the term "interest" contained in § 501(b) has the same meaning as in rule 19(a), namely "a legally protected, not merely a financial interest or interest of convenience." *See* 3A *Moore's Federal Practice* ¶ 19.07–1[2] at P. 19–129 (2d Ed. 1979).

The defendants claim that D. Swarovski and Silver Crystal have substantial rights in the copyrights in this action. First, I note that the mere status as author or licensee of the copyrights is irrelevant to a determination of whether those parties possess a legally protected interest in the particular copyright at issue. Authors and licensees are free to retain and dispose their copyright interests in whole or in part. *See* 17 U.S.C. § 201(d).

While there is no indication whether the author retained any rights in the copyright at issue the defendants raise additional arguments regarding the licensee, Silver Crystal. The defendants claim that "any determination as to the *validity or infringement* of the copyright will necessarily affect the rights of Swarovski Silver Crystal A. G." because Silver Crystal retains the rights to sell in the United States equal to those of the plaintiff and because the plaintiff's license is terminable on December 31, 1984 in which event all rights would presumably revert to the licensor. [Emphasis added.]

While a determination of the copyright's validity might affect Silver Crystal's rights and thereby justify joinder pursuant to § 501(b), *see* 3 *Nimmer on Copyright* at

§ 12.03, P. 12–31, 12–32, I am unsure and the defendants have not specified how a determination of whether the defendants infringed the plaintiff's copyrights would affect Silver Crystal's rights. However, due to my uncertainty I will deny the defendants' motion on this point without prejudice. The defendants may renew this motion at any time upon a greater showing of the non-parties' interest in the copyright infringement action before me.

### B. *Unfair Competition Claim*

█ The defendants raise similar arguments for joinder of D. Swarovski and Silver Crystal pursuant to rule 19(a), on the unfair competition claim. However, these arguments are based on the erroneous theory that these parties must be joined because they own or have an interest in the trademark "Swarovski" and possibly the slogan "A wise choice." The plaintiff's unfair competition claim is not, however, predicated upon the ownership of or interest in trademarks; the plaintiff has standing to sue because it is "[a] person who believes [it] is likely to be damaged by the use of false and misleading advertising pursuant to 15 U.S.C. § 1125(a). Since the ownership of trademarks or slogans is not at issue in this action, the mere alleged ownership of an interest in trademarks and slogans by the non-parties is not "an interest relating to the subject-matter of the action" which could provide a basis for joinder pursuant to rule 19(a)(2).[4] However, I also deny the defendants' motion on this point without prejudice to renew upon a greater showing of non-parties' interest in this claim.

For the reasons stated in this opinion it is hereby,

ORDERED the defendants' motion to dismiss and or add indispensable parties is denied as indicated. It is further

ORDERED that the plaintiff shall correct its certificate of registration in accordance with this opinion.

---

4. Rule 19(a)(1) is clearly inapplicable in the instant case since the plaintiff need not join D.

Swarovski and Silver Crystal in order to obtain complete relief.