Huel WASHINGTON; Marisa Washington, a minor, By and Through her guardian ad litem, Huel Washington; Henry Jones; La Ronda Smith, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

DUTY FREE SHOPPERS, LTD. and Etsuo Shimizu, Defendants.

No. C–87–5501 WHO.

United States District Court, N.D. California.

Dec. 2, 1988.

See also 696 F.Supp. 1323.

Elizabeth S. Heller, Law Offices of John L. Burris, Oakland, Cal., for plaintiffs.

William H. Hastie, Arnelle & Hastie, San Francisco, Cal., for defendants.

1. The relevant statute is 42 U.S.C. § 1981, which provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence,

## OPINION AND ORDER

ORRICK, District Judge.

Seventeen black plaintiffs brought this action against defendants Duty Free Shoppers, Ltd. ("Duty Free") and Etsuo Shimizu, an employee of Duty Free, for violations of the civil rights laws.[1] Duty Free has a store in San Francisco that sells both duty-free merchandise and duty-paid merchandise. Despite the "Duty Free" name, the store is open to the general public for its duty-paid merchandise, which comprises the vast majority of its merchandise. The store is also licensed to sell duty-free goods to qualified international travelers who preorder and then receive the goods at the international gate at the San Francisco Airport upon their departure.

Defendants are accused of using different devices to refuse service to the plaintiffs, including telling them they could not shop at the store because they were not international travelers and that the store was closing when, in fact, it was not closing. The case is before the Court on defendants' motion for summary judgment. For the reasons following, the Court denies the motion.

## I.

### A.

The Supreme Court trilogy of *Matsushita Elec. Industrial Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), *Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), requires the nonmoving party in a summary judgment motion to designate specific facts showing that there is a genuine issue of fact for trial, if the moving party has shown on the face of its moving papers that no genuine issue of fact exists.

and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

The most significant issue in this case on which plaintiffs bear the burden of proof is whether defendants intended to discriminate against plaintiffs. *General Building Contractors Ass'n v. Pennsylvania,* 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed. 2d 835 (1981). The issue of intent, however, is one that is often not susceptible to direct proof, and a court should consider all conflicting inferences that may be presented by the circumstantial evidence in the case. *Rogers v. Lodge,* 458 U.S. 613, 618, 102 S.Ct. 3272, 3276, 73 L.Ed.2d 1012 (1982).

### B.

Defendants present two arguments for summary judgment. First, they claim that because no one employed by Duty Free admitted in his or her deposition that he or she was discriminating and no store documents reveal discriminating intent, then there is no evidence that they discriminated against plaintiffs.

The fact that defendants have not admitted discrimination does not mean there is no evidence of discrimination. All plaintiffs, in their depositions, stated that they believe they were discriminated against by the store. The following specific facts were presented by plaintiffs to support these allegations. Each plaintiff is Black. Each plaintiff tried to shop at Duty Free. Each plaintiff states that he or she was refused service while the store remained open to the general public. Each plaintiff states that shortly after he or she entered the store, a store employee either asked him or her for a passport or airline ticket and, if he or she could not produce it, the store employee told him or her that he or she could not shop at the store. The store employees in their various depositions stated that anyone could shop at the store for duty-paid goods. Thus, the inference is that defendants were discriminating against plaintiffs. If customers do not need a passport or airline ticket to buy duty-paid goods, and black customers were told they did, then a very strong inference exists that the store intended to discriminate against plaintiffs. In addition, as shown in the videotape from KRON TV, there is evidence that other Blacks have been refused service at the store on a similar basis.

For purposes of summary judgment, all of this evidence must be taken as true. *T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir.1987).

Second, defendants claim that summary judgment is warranted because they asked people of other races for their passports and international tickets before allowing them to shop. The implication was that defendants did not limit to Blacks the policy of refusing entry to their store.

Defendants state two contradictory reasons why they used this policy of asking for a passport. Some employees of Duty Free state that they were told to only use this policy if they recognized a previous shoplifter. Other employees state that they used the policy only if someone was "suspicious."

In fact, there is evidence of only three occasions in which people other than Blacks (a Chinese boy, a white male, and a Japanese woman) were refused entry based on the policy that those people needed a passport or airline ticket. In those cases, defendants admit the people turned away were recognized shoplifters. The question remains: Why were the seventeen black plaintiffs turned away if they had never been in the store before? They could not have been recognized shoplifters. Thus, summary judgment cannot be granted based on this rationale for turning away customers.

Defendants also presented testimony that the policy was used against all "suspicious" people rather than just recognized shoplifters. This, of course, is in direct conflict with defendants' earlier statements that the policy of telling people that they could not shop in the store without a passport was used only against recognized shoplifters. Taking this statement as true, however, defendants cannot make a case that their actions did not amount to discrimination. In fact, the argument helps plaintiffs' case. The evidence presented by

**1290**

plaintiffs implies that the policy was used against the seventeen black plaintiffs. The evidence from the videotape implies that it was used against additional black people. Thus, at least these black people were considered "suspicious." The defendants present no evidence whatsoever that indicates why all the plaintiffs were considered "suspicious," and, thus, an inference of discrimination is certainly a valid inference. Thus, summary judgment based on this rationale is equally not warranted.

There is a genuine issue as to whether defendants discriminated against plaintiffs. All plaintiffs state that defendants did discriminate against them and they state facts that support a strong inference of discrimination. In addition, they provide additional evidence in the form of declarations and the KRON TV videotape. Defendants state that they did not discriminate and on three prior occasions denied entry to known shoplifters of other races. This conflict is clearly a classic disputed factual issue. Accordingly,

IT IS HEREBY ORDERED that defendants' motion for summary judgment is denied because genuine issues of material fact exist regarding plaintiffs' causes of action.