114 F.3d 1197
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James WATT, and Ronaldo Watt, Plaintiffs-Appellants,
v.
BRINK'S, INCORPORATED., a corporation doing business in
California; William Buch; Ricahrd M. Sharrer;
Al Kent; Dominick Deiro; and Tom
Serrato, Defendants-Appellees.
 No. 96-55734.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1997.
Decided May 23, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Plaintiffs-Appellants ("Appellants") appeal from a summary judgment order and judgment granting judgment to Defendants-Appellees ("Appellees") on all three of Appellants' federal and state law claims against Appellees. Because the facts and prior proceedings are known to the parties, they need not be summarized here. We have jurisdiction under 28 U.S.C. § 1291,[1] and we affirm.
 
 I.
 
 4
 Appellants offer two blanket reasons why summary judgment was improper as to any of their claims. First, Appellants argue that summary judgment should not have been granted because Appellees' motion did not specifically deny all of the elements of Appellants' prima facie claims. This argument mistakes the nature of the parties' summary judgment burdens. Because Appellees' summary judgment motion argued that Appellants failed to identify evidence sufficient to allow a reasonable jury to conclude that Appellants had proved all of the essential elements of their claims, Appellees were only required to identify those portions of the record that they believed demonstrated this point. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("we find no express or implied requirement in Rule 56 that the moving party support its motion with ... materials negating the opponent's claim"). Once Appellees carried this limited burden, it was incumbent on Appellants to set forth the specific facts contained in the record establishing that a genuine issue of material fact remained for trial on the challenged element. Id. at 322-23; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254-55 (1986). Appellants cannot meet their burden of demonstrating the existence of affirmative evidence supporting their claim simply by pointing to their opponents' alleged failure to deny the essential elements of Appellants' claims.
 
 
 5
 Appellants also argue that the implausibility of Appellees' version of events relevant to Appellants' claims, and inconsistencies in the deposition testimony provided by some of Appellees, raise credibility issues that cannot be resolved on summary judgment. While a court may not assess the credibility of witnesses in determining whether summary judgment is warranted, it does not follow that a defendant's inconsistent or implausible testimony necessarily precludes summary judgment. See Anderson, 477 U.S. at 256-57 ("discredited testimony is not normally considered a sufficient basis" for opposing a defendant's summary judgment motion) (internal brackets and quotation omitted). Rather, where a defendant-movant challenges a plaintiff's ability to establish an element of the prima facie claim, the relevant question is whether the evidence in the record is sufficient to allow a reasonable jury to find that element has been established. Celotex, 477 U.S. at 322-23. If a plaintiff is unable to point to such evidence, the quality and credibility of the evidence provided by a defendant in support of its version of disputed events is irrelevant and summary judgment is appropriate.
 
 II. 42 U.S.C. § 1983
 
 6
 On their 42 U.S.C. § 1983 claim, Appellants contend the District Court erroneously concluded they had failed to establish a genuine issue of material fact on the question of whether Appellees' alleged interference with Appellants' federal constitutional rights was taken under "color of law." Appellants attempted to establish the combined state action/color of law element of their 42 U.S.C. § 1983 claim by presenting evidence that Ronaldo Watts and his friends were illegally detained by the Los Angeles Police Department ("LAPD") as a result of joint or coordinated action between Appellees and the LAPD. Because they relied on a "joint action" theory of state action, Appellants were required to establish that a genuine issue of material fact existed as to whether Appellees and the LAPD engaged in a "substantial degree of cooperation" that resulted in the allegedly unlawful deprivation of Appellants' constitutional rights. Collins v. Womancare, 878 F.2d 1145, 1154-55 (9th Cir.1989).
 
 
 7
 The District Court correctly concluded that Appellants failed to identify evidence sufficient to give rise to a reasonable inference of joint action between Appellees and the LAPD. Appellants presented no direct evidence of substantial cooperation between LAPD and Appellees. The circumstantial evidence on which Appellants rely shows only that Appellee Serrato expected the LAPD would respond promptly when he reported that a potential armed robbery was in progress, that Brink's also may have sent a supporting unit to the scene, and that the LAPD officers quickly detained the individuals reported to be planning to rob one of Brink's armored vehicles. While this evidence is potentially consistent with a theory of joint action, it is not sufficiently probative to give rise to a genuine issue for trial on this question.
 
 
 8
 Accordingly, the District Court did not err in granting summary judgment on Appellants' § 1983 claim.
 
 III. Cal.Civ.Code § 52.1(a)
 
 9
 Appellants also challenge the District Court's grant of summary judgment on their civil rights claim brought under California's "hate crimes" statute, Cal.Civ.Code § 52.1(a). Specifically, Appellants contend the District Court erroneously concluded there was insufficient evidence that Brink's employees were motivated by the requisite racial animus when they pointed their guns in Appellants' direction. See Boccato v. City of Hermosa Beach, 35 Cal.Rptr.2d 282, 289-90 (Cal.Ct.App.1994) ( § 52.1(a) requires proof of racial animus as element of race-bias claim).
 
 
 10
 Appellants raise two challenges to the District Court's conclusion. First, they claim summary judgment was improper because this element requires a determination of Appellees' state of mind. While difficulties of proof require that plaintiffs be granted greater leeway on summary judgment when motive or intent is the challenged element of a claim, the mere fact that intent is an element of a § 52.1(a) claim does not relieve Appellants of their burden of identifying evidence sufficient to allow a reasonable jury to infer racial animus. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1531 (9th Cir.1993), rev'd on other grounds, 510 U.S. 517 (1994); accord Anderson, 477 U.S. at 256.
 
 
 11
 Second, Appellants argue that they presented circumstantial evidence that is sufficient to give rise to a reasonable inference that the Brink's guards in question were motivated by racial animus. For the most part, however, Appellants' "evidence" is actually an attack on the credibility of Appellees' contention that the guards drew their weapons because they believed they were in a high crime area. In the proper circumstances, a defendant's inability to explain a distinct pattern of racially discriminatory treatment might give rise to a reasonable inference of discriminatory intent. See, e.g., Washington v. Duty Free Shoppers, Ltd., 710 F.Supp. 1288, 1289 (N.D.Cal.1988) (retail store's inability to explain why only African-Americans and suspected shoplifters were turned away from store gave rise to inference of racial discrimination). Appellants, however, failed to demonstrate that such circumstances existed in this case. Contrary to their assertions, the record does not support an inference that the guards drew their weapons only in African-American neighborhoods. Moreover, the record, including Appellants' own deposition testimony, supports the reasonableness of Appellees' alleged belief that the area in question had a high rate of crime.
 
 
 12
 Shorn of conclusory allegations and non-evidentiary assertions, Appellants' argument boils down to an assertion that the guards pointed their weapons in Appellants' direction because the guards were of Caucasian descent and Appellants are African-Americans located in a predominantly African-American neighborhood. Absent more, the mere fact of a differing racial or ethnic heritage is insufficient to give rise to a reasonable inference of discriminatory intent.
 
 
 13
 Accordingly, the District Court's judgment on this claim is also affirmed.
 
 IV. Assault
 
 14
 Appellants also contend the District Court erroneously concluded that they had failed to demonstrate the existence of a genuine issue for trial as to whether the guards' pointing of their guns toward Appellants constituted an assault under California law. Specifically, they contend that California law has recognized that the mere pointing of a gun at a person constitutes assault. See Lowry v. Standard Oil Co., 146 P.2d 57 (Cal.Ct.App.1944).
 
 
 15
 Neither Lowry nor the record in this case supports Appellants' contention. In Lowry, the court found that an assault had occurred when the defendant chased and pointed a gun at the plaintiff, repeatedly pulling the trigger in a manner that resulted in an audible click as the hammer struck the gun's chambers. Id. at 60. Neither of Appellants was subjected to similar treatment by Appellees. With respect to James Watt, the record indicates only that the guards pointed or waved guns in the general direction of James Watt and his restaurant on a number of occasions. These actions are insufficient to establish a claim of assault because there is no indication that any guard pointed a gun directly at James Watt with the intent to cause harm or apprehension of harm. See 5 B.E. Witkin, Summary of California Law, Torts §§ 347-48 (9th ed. 1988) (intent to cause harm or apprehension of harm is required element of civil assault claim under California law). While Appellant Ronaldo Watt's deposition testimony that the Brink's guards looked and pointed their guns directly at him might be sufficient to give rise to a reasonable inference of intent to cause apprehension of harm, his claim also fails because there is no evidence in the record that he was put in apprehension of harm. Id., § 347 (apprehension of harmful or offensive contact is required element of assault claim).
 
 
 16
 Thus, the District Court's judgment on Appellants' assault claim is also affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Robert H. Whaley, United States District Judge, Eastern District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Appellants' Motion for Order Augmenting the Record to Include Rule 54(b) Certification Order, filed April 4, 1997, is granted. Accordingly, this Court has jurisdiction over this appeal even though a consolidated case remains pending before the District Court. Kersh v. General Council of Assemblies of God, 804 F.2d 546, 547-48 n. 1 (9th Cir.1986)