BOEING AIRPLANE CO. v. AERONAUTI-
CAL INDUSTRIAL DISTRICT LODGE
NO. 751, INTERNATIONAL ASS'N OF
MACHINISTS, et al.

No. 12656.

United States Court of Appeals
Ninth Circuit.

March 27, 1951.

Holman, Mickelwait, Marion, Prince & Black, Lowell P. Mickelwait, DeForest Perkins and Francis E. Holman, all of Seattle, Wash., for appellant.

Morrissey, Eagen & Walsh, John E. Hedrick, E. J. Eagen and Stephen J. Morrissey, all of Seattle, Wash., for appellee Aeronautical Ind. District.

Lee Olwell, Rummens, Griffin & Short and Tracy E. Griffin, all of Seattle, Wash., Jerome Y. Sturm, New York City, for appellee Int. Ass'n of Machinists.

Before HEALY, BONE and HASTIE,* Circuit Judges.

PER CURIAM.

This appeal challenges a final order of the district court dismissing an action for breach of contract on motions of the defendants to dismiss and for summary judgment. The plaintiff, Boeing Airplane Company, sued the defendants, the International Association of Machinists and an affiliated local lodge, for breach of a promise not to strike which was one of the many provisions embodied in a comprehensive and detailed labor relations contract with Boeing, executed by both the local and international.

It was the principal and sufficient basis of the judgment below that in a letter to the local, received within 12 hours after the strike began, Boeing declared its election to terminate the entire labor relations contract, claiming that the strike afforded justification for such action. In argument before this court it was conceded on behalf of Boeing that this letter of termination effectively brought to an end all of the numerous obligations assumed by the parties under the labor relations contract. However, Boeing insists that its right to damages for the breach represented by the strike, which continued many months to Boeing's great detriment, survived.

We have examined the entire record and are satisfied that the learned district judge correctly concluded, in the light of the terms of the contract and all of the circumstances of the case, that at the time immediately after the strike began when Boeing elected to terminate the contract the union had been guilty of a material breach which fell short of abandonment or total repudiation of the contract. The power of termination which accrues to the wronged party as a result of such a breach and was exercised by Boeing in this case is a right of rescission which leaves neither party with any basis thereafter to complain of the conduct of the other as a breach of the contract.

In the opinion of the district court, reported in 91 F.Supp. 596 the analysis of this decisive point appears at pages 609, et seq. under the heading "V. The Legal Effect of the Company's Letter of April 22, 1948." That analysis is careful, comprehensive and, we think, correct. Restatement beyond this expression of approval would serve no useful purpose.

The judgment is affirmed.

* Third Circuit, sitting by special designation.