Eugene **MARSEGLIA** and Sharon Lytle, Plaintiffs,

v.

**JP MORGAN CHASE BANK**, and Does 1 through 10, inclusive, Defendants.

**Civil No. 09cv2857 JAH(RBB).**

United States District Court, S.D. California.

Nov. 12, 2010.

Karen S. Spicker, Doan Law Firm LLP, Carlsbad, CA, for Plaintiffs.

Andrew James Cho, Ropers, Majeski, Kohn & Bentley P.C., San Francisco, CA, for Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CHASE BANK USA, NA'S MOTION TO DISMISS AND MOTION TO STRIKE FIRST AMENDED COMPLAINT [DOC. # 7]**

JOHN A. HOUSTON, District Judge.

## *INTRODUCTION*

Currently pending before this Court is the motion to dismiss and to strike plaintiffs Eugene Marseglia and Sharon Lytle's (collectively "plaintiffs") first amended complaint filed by defendant Chase Bank USA, NA ("defendant" or "Chase"). The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS IN PART and DENIES IN PART defendant's motion.

## *BACKGROUND*

Plaintiffs initially filed their complaint in the San Diego Superior Court on October 13, 2009. Defendant removed the complaint to this Court on December 21, 2009. On December 22, 2009, defendant filed a motion to dismiss plaintiffs' original complaint. In lieu of an opposition to defendant's motion, plaintiffs filed an *ex parte* motion seeking leave to amend the complaint in order to cure the deficiencies presented in the motion. This Court, on February 17, 2010, granted plaintiffs' *ex parte* motion for leave to amend and directed the Clerk of Court to file plaintiffs'

proposed amended complaint that same day.

Plaintiffs' first amended complaint ("FAC") alleges that defendant violated the Rosenthal Fair Debt Collections Practices Act ("the Rosenthal Act" or "the RFDCPA"), Cal. Civ. Code §§ 1788. *et seq.*, on several occasions between May through June 2009, by contacting plaintiffs after plaintiffs had informed them they were represented by counsel, wanted defendant to cease and desist further communications with them, and that they refused to pay the disputed debt. *See* FAC ¶¶ 26, 4–81, 82–90, 92–95, 97–99, 101–113, 115–118. Plaintiffs also allege causes of action for libel, invasion of privacy, and commission of a tort-in-se. *See* FAC ¶¶ 119–136.

Defendant filed its motion to dismiss and to strike on March 8, 2010. Plaintiffs' opposition was filed on April 5, 2010. Defendant's reply brief was filed on April 12, 2010. This Court subsequently took the motion under submission without oral argument. *See* Civ.LR 7.1(d.1).

## DISCUSSION

Defendant moves to dismiss the FAC for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant also moves to strike plaintiffs' request for non-recoverable statutory damages.

### 1. Legal Standards

#### a. Motion to Dismiss

■ A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.1984); *see Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct.

1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson,* 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 547, 127 S.Ct. 1955). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir.2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950.

■■ In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis,* 295 F.3d 890, 895 (9th Cir.2002); *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). However, legal conclusions

need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.,* 349 F.3d 1191, 1200 (9th Cir.2003); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. *Lee v. City of Los Angeles,* 250 F.3d 668, 688–89 (9th Cir.2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995).

**b. Motion to Strike**

 Rule 12(f) of the Federal Rules of Civil Procedure grants a party the right to strike any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "Immaterial" refers to a matter that has no bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *reversed on other grounds in Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534–535, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). "Impertinent" matters include allegations that are not responsive or relevant to the issues involved in the action. *Id.*

**2. Analysis**

Defendant moves to dismiss (a) plaintiffs' entire FAC on the grounds that none of the allegations specify which of the named defendants were liable for which of the specific claims; (b) plaintiffs' seventh through ninth causes of action for failure to state a claim upon which relief may be granted; and (c) plaintiffs' prayer for

$1000 statutory damages for each violation of the Rosenthal Act as nonrecoverable.

**a. Specificity**

Defendant first contends plaintiffs' entire FAC should be dismissed because it lacks specificity such that defendant "cannot determine which allegations actually relate to" this defendant as opposed to the doe defendants. Doc. # 7–1 at 5 (citing *McHenry v. Renne,* 84 F.3d 1172, 1175 (9th Cir.1996)). Plaintiffs, in opposition, point out that the meaning of the term "defendants" as used in the FAC is clearly defined in the first paragraph of the FAC, which states "Defendant JP MORGAN CHASE BANK, Defendant CHASE BANK USA, N.A., and Defendant JP MORGAN CHASE BANK N.A. (hereinafter collectively referred to as 'CHASE' or 'DEFENDANTS')" and in paragraph 16, which states that for "purposes of this complaint, 'Defendant(s)' include all agents, employees, members, directors, heirs, successors, assigns, principals, trustee, sureties, subrogees, representatives and insurers of Defendant(s) herein." Doc. # 9 at 5 (quoting FAC ¶¶ 1, 16). Plaintiffs contend that the *McHenry* case, cited by defendant, is distinguishable from this case because, the *McHenry* court found the plaintiffs had " 'made sweeping allegations against the city [of San Franciso] and various government employees, but the complaint frequently [did] not make clear connections between specific allegations and individual defendants' " whereas, in this case "there are not numerous individuals against whom causes of action are alleged" since "only entities for CHASE are named." *Id.* at 5–6 (quoting *McHenry,* 84 F.3d at 1175). In addition, plaintiffs note that the *McHenry* plaintiffs were given three opportunities to amend their complaint but failed to comply with the court's recommendations, thereby suffering dismissal. *Id.* at 6. Plaintiffs sug-

gest that, should this Court find inadequate allegations, plaintiffs should be given the opportunity to amend their complaint to cure the inadequacies. *Id.* Defendant does not address this issue further in reply.

■ This Court finds that plaintiffs' complaint is sufficiently plead such that defendant is able to determine which claims are aimed at which defendant, in that the entirety of the complaint is clearly directed at all named defendants in the first and sixteenth paragraphs as entities of Chase and their employees. *See* FAC ¶¶ 1, 16. This Court also agrees with plaintiffs that the *McHenry* case is distinguishable from this case and, thus, does not support defendant's argument. Therefore, defendant's motion to dismiss based on lack of specificity is **DENIED.**

### b. Seventh through Ninth Causes of Action

Defendant next contends that each of plaintiffs' seventh through ninth causes of action fail to state a claim upon which relief may be granted. *See* Doc. # 7–1 at 5–14.

#### 1. Invasion of Privacy [Seventh Cause of Action]

■ To state a claim for invasion of privacy, plaintiffs must allege that defendant intentionally "intrud[ed] into a private place, conversation or matter ... in a manner that is highly offensive to a reasonable person." *Taus v. Loftus,* 40 Cal.4th 683, 725, 54 Cal.Rptr.3d 775, 151 P.3d 1185 (2007). Plaintiffs must also allege "defendant penetrated some zone of physical or sensory privacy surrounding the plaintiff or obtained unwanted access to data about the plaintiff." *Shulman v. Group W Prods., Inc.,* 18 Cal.4th 200, 232, 74 Cal.Rptr.2d 843, 955 P.2d 469 (1998).

Defendant contends plaintiff's seventh cause of action for invasion of privacy fails because it lacks allegations that Chase penetrated a zone of physical or sensory privacy or obtained unwanted access to data about the plaintiffs. Doc. # 7–1 at 6. Defendant points out that plaintiffs allege only that Chase "contacted them 'even though Defendants knew that Plaintiffs were represented by Doan Law Firm, LLP.'" *Id.* (quoting FAC ¶ 12 1). Defendant contends there is no authority supporting the proposition that "sending letters and making telephone calls intrudes into a private place." *Id.* at 7. Defendant further contends plaintiffs fail to allege the content of the phone calls was offensive, noting that another court in this District dismissed an invasion of privacy claim based on similar facts. *Id.* (citing *Castellanos v. JPMorgan Chase & Co.,* Civil Case No. 09cv0969 H(JMA), Doc. # 8, 2009 WL 1833981 (S.D.Cal. June 23, 2009)).

Plaintiffs, in opposition, cite to various cases which plaintiffs claim support a finding that their invasion of privacy claim is plead sufficiently. *See* Doc. # 9 at 6–7 (citing *Fausto v. Credigy Services Corp.,* 598 F.Supp.2d 1049, 1056 (N.D.Cal.2009); *Panahiasl v. Gurney,* 2007 WL 738642 (N.D.Cal. Mar. 8, 2007); *Kuhn v. Account Control Technology,* 865 F.Supp. 1443, 1448 (D.Nev.1994); *Joseph v. J.J. MacIntyre,* 281 F.Supp.2d 1156 (N.D.Cal.2003); *Deteresa v. ABC,* 121 F.3d 460, 462 (9th Cir.1997); *Thompson v. Chase Bank,* Civil Case No. 09cv2143 DMS(POR), 2010 WL 1329061). Plaintiffs contend these cases stand for the proposition that courts have long recognized the common law tort of invasion of privacy in the FDCPA context where there are "repeated and continuous calls to collect on a debt." Doc. # 9 at 6–7 (citing *Shulman v. Group W. Productions, Inc.,* 18 Cal.4th 200, 231, 74 Cal.Rptr.2d 843, 955 P.2d 469 (1998); *Joseph,* 281 F.Supp.2d at 1159; Restatement (2d) of Torts § 652B). Plaintiffs explain that their invasion of privacy claim focuses on defendant's intrusion upon plaintiffs' seclu-

sion. *See* Doc. # 9 at 7. Plaintiffs point out that, in *Panahiasl,* the court determined that "repeated and continuous calls in an attempt to collect a debt gave rise to a claim for intrusion upon seclusion" where the "contact continued despite verbal and written cease and desist orders" similar to those alleged here. *Id.* at 7. Plaintiffs also point to *Fausto,* in which the court found fifty-one (51) calls, forty-three (43) of which occurred during a one week span, to be "abusive debt collection practices" such that "a reasonable jury could find defendants liable for the tort of intrusion upon seclusion." *Id.* Plaintiffs note that, here, there are allegations defendant made fifty (50) contact calls to plaintiffs during a relatively short period of time (nine (9) calls each on May 26 and 27, 2009, four (4) calls on May 28, 2009, nine (9) calls on May 29, 2009, six (6) calls on May 30, 2009, and five (5) calls on May 31, 2009 for a total of forty-three (43) calls in one week). *Id.* (citing FAC ¶ 48).

Defendant, in reply, contend the cases cited by plaintiffs are distinguishable from the facts here, whereas the *Castellanos* case is directly on point. Doc. # 10 at 1–3. Defendant notes that, in *Fausto,* the plaintiffs alleged defendants spoke with them and then called them back immediately thereafter, whereas, here, there are no allegations that plaintiffs ever spoke with any representative of defendant. *Id.* at 1. Defendant further notes that *Panahiasl* and *Kuhn* involved phone calls to the plaintiff's work, which is also not alleged here. *Id.* at 1–2. As to *Joseph, Deteresa,* and *Shulman,* defendant claims none of these cases are applicable since *Joseph* involved calls made to the plaintiff at "odd hours" and neither *Deteresa* nor *Shulman* involved phone calls. *Id.* at 2. Defendant also claims *Thompson* is distinguishable because the case concerned 259 telephone contacts over a three month period while, here, there were only 50 contacts alleged, some of which were mailings or e-mailings

and none of which were at odd hours or on holidays such that the contacts could be considered highly offensive to a reasonable person. *Id.* at 3–4.

Defendant additionally cites to two cases in which invasion of privacy claims were dismissed. *Id.* at 3 (citing *Hamberg v. JPMorgan Chase Bank, et al.,* Civil Case No. 09cv2860 H(WMc), Doc. # 18 at 4 (dismissing invasion of privacy claim based on 66 phone calls in a case filed by plaintiff's law firm because the calls were determined not to be highly offensive to a reasonable person); *Oppenheim v. I.C. Sys.,* 695 F.Supp.2d 1303, 1310 (M.D.Fla.2010) (finding 35 to 40 calls over three months insufficient to "rise to the requisite level of outrageous and unacceptable conduct contemplated by the tort of invasion of privacy based on intrusion.")).

This Court is persuaded by the reasoning presented in the cases cited by defendant. Most persuasive to this Court is *Castellanos,* in which Judge Marilyn L. Huff found insufficient facts plead to support an invasion of privacy claim based on plaintiff's failure "to allege the content of any of the calls placed to [p]laintiff . . . and what was highly offensive about such calls." *Id.,* Civil Case No. 09cv0969 H(JMA), Doc. # 8 at 15; *see also Hamburg,* Civil Case No. 09cv2860 H(WMc), Doc. # 18 at 4 (same reasoning).

██ Conversely, this Court finds the reasoning presented in *Fausto,* cited by plaintiffs, to be inapplicable here. As noted by defendant in reply, *Fausto* was decided in favor of plaintiffs in part because of allegations regarding defendants' refusal to identify themselves and then calling the plaintiffs immediately after having spoken with them. Doc. # 10 at 1 (citing *Fausto,* 598 F.Supp.2d at 1056). Here, there are no allegations that defendant ever spoke with either plaintiff but, instead, the FAC alleges only that "[d]efen-

dant[ ] telephoned [p]laintiffs on a daily basis, including early morning and late at night ... call[ing] frequently to annoy and harass [p]laintiffs at their home." FAC ¶ 122. Although plaintiffs allege a total of fifty (50) calls were made in one week, *see id.* ¶ 121, there are no facts alleged upon which this Court could infer plaintiffs ever answered any of these calls or defendant ever made any direct contact with plaintiffs that might be construed as annoying or harassing conduct. Without such allegations, this Court is not convinced that the number of calls in itself can be considered highly offensive above a speculative level.[1] Therefore, this Court finds plaintiffs have failed to plead facts sufficient to state a claim for invasion of privacy. Accordingly, defendant's motion to dismiss plaintiff's seventh cause of action is **GRANTED** and plaintiff's seventh cause of action is **DISMISSED WITHOUT PREJUDICE with leave to amend.**

### 2. Tort–in–Se [Eighth Cause of Action]

 Plaintiffs' eighth cause of action seeks relief based on commission of a tort-in-se which allows a plaintiff to seek relief as an intended beneficiary of a statutory duty that has been violated. *See* FAC ¶¶ 129–132. Defendant moves to dismiss this claim on the grounds that the Rosenthal Act, the statute upon which plaintiffs seek tort-in-se relief, provides for a private civil remedy and plaintiffs cite no authority to support a finding that California intended to allow separate negligence tort claims based upon the duties created by the Rosenthal Act. Doc. # 7–1 at 7; Doc. # 10 at 9 (citing *Castellanos,* Civil Case No. 09cv0969 H(JMA), Doc. # 8 at 16 ("The Rosenthal Act already provides a specific private civil remedy and there is

nothing to indicate that California intended to allow separate negligence tort claims based upon the duties created by the Rosenthal Act"); *Thompson,* Civil Case No. 09cv2143 DMS(POR), Doc. # 15 at 7–8 ("the Court agrees with the reasoning in *Castellanos,* and declines to recognize a tort in se claim based solely on [Rosenthal Act] violations for which Plaintiffs have a private civil remedy.")).

This Court also agrees with the reasoning in *Castellanos* and declines to recognize a tort in se claim based on plaintiffs' allegations of Rosenthal Act violations by defendant. Accordingly, defendant's motion to dismiss plaintiffs' eighth cause of action is **GRANTED** and plaintiff's eighth cause of action for tort in se is **DISMISSED WITH PREJUDICE.**

### 3. Libel [Ninth Cause of Action]

Defendant also moves to dismiss plaintiffs' libel claim contained in their ninth cause of action. Plaintiffs' libel claim alleges damage based on defendant's alleged willful, intentional, consistent and purposeful representation and reporting to all three credit bureaus that the account at issue in this case was not disputed in violation of California Civil Code § 1785.25(a). *See* FAC ¶ 134.

 The elements of a libel claim are: (1) the intentional publication of a fact; (2) that is false; (c) unprivileged; and (4) has a natural tendency to injure or cause special damage. *Smith v. Maldonado,* 72 Cal. App.4th 637, 645, 85 Cal.Rptr.2d 397 (1999). "Publication means communication to some third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id.* (citations omitted). Defendant contends plaintiffs' libel claim

---

**1.** Because this Court finds plaintiffs' invasion of privacy claims fails to meet the highly offensive requirement, this Court does not address defendant's argument concerning penetrating plaintiffs' zone of privacy claim.

fails because plaintiffs fail to allege publication of any defamatory statement to a third party. Doc. # 7–1 at 8. Plaintiffs do not dispute this contention in opposition. *See* Doc. # 9 at 10–11.

This Court agrees with defendant. This Court finds plaintiffs' allegation concerning representing and reporting to credit bureaus that their account was not disputed is not defamatory on its face and, as such, plaintiffs fail to state a claim for libel. Accordingly, defendant's motion to dismiss plaintiffs' eighth cause of action is **GRANTED** and plaintiff's claim for libel is **DISMISSED WITHOUT PREJUDICE and with leave to amend.**[2]

### c. Statutory Damages

Lastly, defendant moves to strike all of plaintiffs' requests for non-recoverable statutory damages. Defendant explains that plaintiffs seek to recover statutory damages for each of defendant's alleged violations of 15 U.S.C. § 1692 and the Rosenthal Act but § 1692(k) provides for actual damages plus statutory damages not exceeding $1,000 per plaintiff per proceeding, not per violation as sought by plaintiffs. Doc. # 7–1 at 14. Thus, according to defendant, the maximum statutory damages plaintiffs could recover here is $1,000 each. *Id.* at 14–15. Therefore, defendant moves to strike all requests above the statutory damages allowed by § 1692(k). *Id.* at 15.

Plaintiffs contend, in opposition, that their request for damages per violation is proper under the Rosenthal Act, noting that defendant bases its arguments on the FDCPA alone and cite to out of circuit authority in support. Doc. # 9 at 11–12. Plaintiffs claim that the Rosenthal Act, specifically California Civil Code § 1788.30(b), unambiguously provides for per violation recovery of damages. *Id.* at 12. Plaintiffs argue that defendant's interpretation of the Rosenthal Act runs counter to the Act's underlying incentive of deterring collection agencies from harassing and abusing debtors and such an interpretation would cause undue burden on courts by "forcing [p]laintiffs to litigate multiple violations by a single debt collector in separate actions." *Id.* at 13.

In reply, defendant points out that plaintiffs' claims for violation of the Rosenthal Act, California Civil Code § 1788.17, which incorporates the federal FDCPA and states:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies of, Title 15 of the United States Code.

Doc. # 10 at 7 (emphasis omitted). Thus, defendant contends plaintiffs' Rosenthal Act claims brought under § 1788.17 are subject to the remedies of the federal FDCPA which limits statutory damages to $1,000 per plaintiff. *Id.* Defendant further contends that California Civil Code § 1788.30(b), cited as applicable by plaintiffs, would not provide plaintiffs with the ability to recover per violation. *Id.* (citing Cal. Civ. Code § 1788.30(b)) (". . . in addition to actual damages sustained by the debtor as a result of a violation [any debt collector shall] also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty . . . no[t] greater than one thousand dollars."). Defendant notes that plaintiffs cite no authority endorsing their lack of deterrence and undue court burden arguments in opposition. *Id.* at 8.

---

**2.** Because plaintiffs' libel claim fails to state a claim, this Court does not reach the issue of preemption raised by defendant.

██ After a careful review of the authority cited, as well as the authority unearthed by this Court's own research, this Court agrees with defendant that statutory damages under the Rosenthal Act are limited to $1,000 per plaintiff, not per violation. This Court notes that the Ninth Circuit limits statutory damages under the FDCPA to "one set of circumstances," *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006), and district courts in the Ninth Circuit have determined that the FDCPA limits statutory damages to "$1,000 per lawsuit, not $1,000 per violation." *Nelson v. Equifax Information Services, LLC*, 522 F.Supp.2d 1222, 1238–39 (C.D.Cal.2007); *see Brablec v. Paul Coleman Associates, P.C.*, 2010 WL 235062 *2 (E.D.Cal. Jan. 21, 2010) (same). In addition, when faced with claims for relief under both the Rosenthal Act and the FDCPA, courts have awarded statutory damages under each statute per plaintiff and not per violation. *See Morisaki v. Davenport, Allen & Malone, Inc.*, 2010 WL 3341566 *3 (E.D.Cal. Aug. 31, 2010) (awarding $1,000 statutory damages for federal cause of action and $1,000 for state cause of action based on "many violations of state and federal law"); *Panahiasl*, 2007 WL 738642 at *4 (awarding $1,000 statutory damages per plaintiff for federal claim and $1,000 per plaintiff for state claim). Therefore, this Court finds plaintiffs' request for statutory damages per violation of the Rosenthal Act is not recoverable and their request for such damages must be stricken.

### *CONCLUSION AND ORDER*

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss and to strike [doc. # 7–1] is **GRANTED IN PART and DENIED IN PART** as follows:

a. Defendant's motion to dismiss the entire FAC based on lack of specificity is **DENIED;**

b. Defendant's motion to dismiss plaintiffs' seventh cause of action privacy is **GRANTED** and plaintiffs' invasion of privacy claim is **DISMISSED WITHOUT PREJUDICE with leave to amend;**

c. Defendant's motion to dismiss plaintiffs' eighth cause of action is **GRANTED** and plaintiffs' tort-in-se cause of action is **DISMISSED WITH PREJUDICE;**

d. Defendant's motion to dismiss plaintiffs' ninth cause of action is **GRANTED** and plaintiffs' libel claim is **DISMISSED WITHOUT PREJUDICE and with leave to amend;** and

e. Defendant's motion to strike plaintiffs' references to non-recoverable statutory damages is **GRANTED.**