DEEP9 CORPORATION, Plaintiff,

v.

BARNES & NOBLE, INC.,
et al., Defendants.

No. C11–0035JLR.

United States District Court,
W.D. Washington,
at Seattle.

March 28, 2011.

Christian E. Mammen, Law Office of Christian Mammen, Berkeley, CA, Eric B. Fastiff, Jaron R. Shipp, Lieff Cabraser Heimann & Bernstein, San Francisco, CA, Jonathan D. Selbin, Lieff Cabraser Heimann & Bernstein, New York, NY, Kim D. Stephens, Mark D. Deife, Chase Christian Alvord, Tousley Brain Stephens, Seattle, WA, for Plaintiff.

A. Antony Pfeffer, Richard L. Delucia, Kenyon & Kenyon, New York, NY, Cassandra L. Kennan, Marvin L. Gray, Jr., Davis Wright Tremaine, Seattle, WA, for Defendants.

## ORDER GRANTING MOTION TO STRIKE

JAMES L. ROBART, District Judge.

This matter comes before the court on Plaintiff Deep9 Corporation's ("Deep9") motion to strike Defendants Barnes & Noble, Inc. and Barnesandnoble.com, LLC's (collectively, "Barnes & Noble") affirmative defense of prosecution history estoppel (Dkt. # 28). Having considered the submissions of the parties and the relevant law, the court GRANTS Deep9's motion to strike without prejudice against Barnes & Noble asserting prosecution history estoppel at claim construction.

## I. BACKGROUND

In its complaint, Deep9 alleges that Barnes & Noble's Nook e-reader device infringes the two patents at issue in this case—the '405 patent and the '951 patent. (Compl. (Dkt. # 1) ¶¶ 11–20.) Specifically, Deep9 alleges that Barnes & Noble infringes its patents, "literally and/or under the doctrine of equivalents, by selling, offering for sale, and/or using NOOK e-reader products in the United States and/or importing NOOK e-reader products into the United States." (*Id.* ¶¶ 12, 17.) In its answer to Deep9's complaint, Barnes & Noble asserts, as its fourth affirmative defense, that "[t]he doctrine of prosecution history estoppel prevents the assertion that any of defendants' accused activities constitute infringement of the '405 patent or the '951 patent." (Ans. (Dkt. # 23) ¶ 24.) Deep9 now moves the court to strike Barnes & Noble's affirmative defense of prosecution history estoppel.

## II. ANALYSIS

 Federal Rule of Civil Procedure 8(c) requires a party, in responding to a pleading, to "affirmatively state any avoidance or affirmative defense, including" 18 enumerated affirmative defenses. Fed. R.Civ.P. 8(c)(1). A court may strike material from a pleading under Federal Rule of Civil Procedure 12(f) if the pleading presents an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). A defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense. *See Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir.1979). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993). A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See id.* Although a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits. *See Stanbury Law Firm v. I.R.S.,* 221 F.3d 1059, 1063 (8th Cir.2000).

Deep9 argues that Barnes & Noble's affirmative defense of prosecution history estoppel should be stricken because it is not an affirmative defense, but rather is properly asserted at claim construction if the plaintiff bases its infringement claim on the doctrine of equivalents. Under the doctrine of equivalents, "[t]he scope of a patent is not limited to its literal terms but instead embraces all equivalents to the claims described." *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co., Ltd.,* 535 U.S. 722, 732, 122 S.Ct. 1831, 152 L.Ed.2d 944 (2002). Thus, the doctrine of equivalents extends the patent to cover any trivial or insubstantial changes made to the patented design. *Id.* at 733–35, 122 S.Ct. 1831. Prosecution history estoppel requires a court to interpret the claims of a patent in light of its prosecution history. *Id.* at 733, 122 S.Ct. 1831. Thus, a court will estop a patentee from claiming an equivalent to an unpatented, broader meaning of his original application when the patentee narrowed the claim in response to a rejection or otherwise abandoned the broader definition during the prosecution of the patent. *Id.* at 733–34, 122 S.Ct. 1831.

The Federal Circuit has not directly addressed whether prosecution history estoppel is an affirmative defense, and the district courts appear to be divided on the issue. (*See* Mot. at 4 (citing cases); Resp. (Dkt. # 30) at 4–5 (same).) Having reviewed the cases cited by the parties, the court is persuaded by the analysis in *Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc.,* 1996 WL 467273, at *3–4 (N.D.Cal.1996). The Medtronic court observed:

Prosecution history estoppel is a defense to the assertion of the doctrine of equivalents. The doctrine of equivalents provides that an accused product which does not literally infringe the claims of a patent may infringe the patent nonetheless, if the differences between the accused product and the claimed invention are so insubstantial that the accused product falls within the patent's range of equivalence. The essence of prosecution history estoppel is that a patentee should not be able to obtain, through the doctrine of equivalents, coverage of subject matter that was relinquished during prosecution to procure issuance of the patent. Since prosecution history estoppel is only applicable where the doctrine of equivalents has been raised as a means of constructing an infringement claim, prosecution history estoppel is not an affirmative defense.

*Id.* at *4 (internal quotation marks and citations omitted). Accordingly, the court strikes Barnes & Noble's fourth affirmative defense of prosecution history estoppel. (Ans. ¶ 24.) As in *Medtronic,* however, the court makes clear that its ruling does not preclude Barnes & Noble from raising prosecution history estoppel at claim construction should Deep9 assert the doctrine of equivalents. *See Medtronic,* 1996 WL 467273, at *4.

## III. CONCLUSION

For the foregoing reasons, the court GRANTS Deep9's motion to strike Barnes & Noble's fourth affirmative defense (Dkt. # 28), without prejudice to Barnes & Noble's assertion of the defense of prosecu-

tion history estoppel at claim construction.[1]

---

1. In light of this determination, the court declines to address whether the plausibility standard that applies to the pleading of claims under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), also applies to the pleading of affirmative defenses.